UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Fraser Rotchford,<br><br>           Plaintiff,<br><br>v.<br><br>Peninsula Regional Network Ombudsmen,<br><br>           Defendant. | CASE NO. 3:19-cv-05139-RJB-JRC<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT |

Plaintiff Fraser Rotchford, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated when defendant Peninsula Regional Network Ombudsmen failed to reply to him. However, plaintiff has not alleged facts demonstrating that he suffered a violation of his rights protected by the Constitution or federal statute, or that the violation was caused by a person acting under the color of state or federal law. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendant violated his constitutional rights. However, the

Court provides plaintiff leave to file an amended pleading by May 23, 2019, to cure the deficiencies identified herein.

BACKGROUND

In his complaint, plaintiff, who is currently housed at Clallam County Jail, alleges that defendant received two letters and a phone call and failed to reply. Dkt. 7 at 3. Plaintiff alleges that he attempted to use an "inmate phone regarding help needed to mediate an issue[.]" *Id.* Plaintiff alleges that non-party "Olycap Olympic Community Action Plan" is responsible for disbursing funds for alcohol treatment evaluations and refused to procure funds for plaintiff to "Believe in Recovery," the agency which administers evaluations. *Id.* Plaintiff also alleges non-party Behavioral Health, a mental health agency, violated state law when state psychiatrists failed to show credentials. *Id.* Plaintiff alleges that "Olycap" got a restraining order against him after he reported it was knowingly subsidizing child prostitution in the Philippines. *Id.*

Plaintiff seeks $750,000 and that defendant be required to take calls from jails within its area. *Id.* at 4.

DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is unclear from plaintiff's complaint who defendant is or how defendant violated plaintiff's constitutional rights or damaged him in some way. Plaintiff appears to allege that defendant did not reply to him, but the details of plaintiff's interaction with defendant are not clear. Rather, plaintiff complains that defendant failed to respond to him and also asserts various complaints against non-parties related to his addiction and recovery. At this time, the Court cannot discern any actionable claim against defendant over which it has jurisdiction. Even

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 3

construing plaintiff's amended complaint liberally, plaintiff's complaint does not satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, by setting forth a short and plain statement of plaintiff's claims.

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will

not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 23, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 24th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge